UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRIAN MICHAEL COLLINS,<br><br>        Plaintiff<br><br>v.<br><br>CORRECTIONS OFFICER GRAHAM,<br>CORRECTIONS OFFICER GREENWALD,<br>MARTIN MAGNUSSON, Commissioner of<br>the Maine Department of Corrections, SCOTT<br>BURNHEIMER, Superintendent of the Maine<br>Correctional Center,[1] and CORRECTIONS<br>OFFICER JOHN DOE #1,<br><br>        Defendants | Civil No. 04-79-P-C |

Gene Carter, Senior District Judge

### MEMORANDUM OF DECISION AND ORDER
### GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Brian Michael Collins commenced this action, pursuant to 42 U.S.C. § 1983, against corrections officers employed at the Maine Correctional Center and their supervisors. Now before the Court is Defendants' Motion to Dismiss (Docket Item No. 22). Plaintiff did not respond to Defendants' Motion.[2] For the reasons set forth below, the Court will grant Defendants' Motion.

---

[1] In his Complaint, Plaintiff identified Defendant Burnheimer only as John Doe #2, Warden of the Maine Correctional Center. Plaintiff did not provide first names for Defendants Gordon or Greenwald.

[2] Pursuant to Local Rule 7(b), Plaintiffs' failure to respond to Defendants' Motion results in the waiver of any objection to the Motion. D. Me. Loc. R. 7(b) ("Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."). However, because Plaintiff is proceeding pro se, the Court will consider whether his Complaint states a claim under Fed. R. Civ. P. 12(b)(6).

## I. Applicable Law

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff[]." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The Defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001).

## II. Factual Allegations

In his Complaint, Plaintiff alleges the following:

During the months of May-July and September-December, while incarcerated at [the] Maine Correctional Center, I was sexually harassed and put in hazardous living conditions. C/O [Corrections Officer] Graham, C/O Greenwald, and C/O John Doe #1 made statements to me referring about [sic] sexual acts. C/O Greenwald tried to physically grab me in a sexual way, and C/O John Doe #1 unzipped his pants and pulled his testicles out and said, "Hey Collins, I got some gum on my pants. Want to try and get it off?" C/O Clayton Merry said if I didn't drop my grievance, [he] and several other C/Os were going to mess me up. The Warden John Doe #2 [Defendant Burnheimer] failed to hire adequate C/Os to work in the pods at MCC. Martin Magnusson also is responsible for this failure too.

Complaint at 2 (spelling and punctuation corrected).[3] Plaintiff seeks monetary damages in the amount of $500,000 for his alleged emotional trauma.

## III. Claims Against Corrections Officers

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the

---

[3] Plaintiff's claim against Corrections Officer Clayton Merry was dismissed on April 19, 2005, for failure to effectuate service. *See* Order of Dismissal (Docket Item No. 17).

'unnecessary and wanton infliction of pain'" that is forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)) (internal quotation marks omitted). In the instant case, Plaintiff's claim of sexual harassment and hazardous living conditions are predicated on three factual allegations: (1) statements made to him about sexual acts; (2) an attempt to grab him in a sexual manner; and (3) exposure to a correction officer's genitalia. The Court will consider each in turn and will conclude that none of Plaintiff's allegations state a claim supporting a constitutional violation.

    a. **Verbal Harassment**

The Court of Appeals for the First Circuit has stated that "[t]he first inquiry in any § 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution and laws. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Santiago de Castro v. Morales Medina*, 943 F.2d 129, 130 (1st Cir. 1991) (internal citation and punctuation omitted). Except in circumstances giving rise to "unnecessary and wanton infliction of pain," *Whitley*, 475 U.S. at 319, not alleged here, verbal and sexual harassment does not give rise to section 1983 liability in the prison context. *See, e.g., Doe v. City of Haltom City*, 106 Fed. Appx. 906, 908 (5th Cir. 2004) ("[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *Duran v. Duval*, No. 96-10482-GAO, 1998 WL

765726, at *3 (D. Mass. Oct. 28, 1998) ("it is settled that emotional damage by verbal harassment does not amount to infringement of a constitutional right, and thus is not actionable under Section 1983."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983) (internal punctuation omitted). Plaintiff's allegation that corrections officers "made statements to me referring about [sic] sexual acts," Complaint at 2, does not state a claim rising to the level of "unnecessary and wanton infliction of pain" that forms the foundation of an Eighth Amendment violation.

    **b. Attempted Physical Contact**

Plaintiff next asserts a constitutional violation based upon Corrections Officer Greenwald's attempt to grab Plaintiff in a sexual manner. Plaintiff does not allege that Defendant Greenwald in fact touched him; instead, Plaintiff merely alleges that Defendant Greenwald <u>tried</u> to grab him. Plaintiff's claim is not sufficiently serious to support a constitutional violation, and there is no allegation whatsoever that Plaintiff experienced pain or injury. It is well established that not even "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *see also Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (inmate's allegations of excessive physical force -- that he was bumped, grabbed, elbowed, and pushed -- do not support an Eighth Amendment claim). Because not every physical touching constitutes a constitutional violation, it follows that an attempted touching -- with no accompanying allegation of pain or injury -- cannot

support a claim of constitutional injury. Consequently, Plaintiff's allegation against Defendant Greenwald cannot form the basis for a section 1983 claim.

### c. Exposure to Genitalia

Plaintiff's allegation that Corrections Officer John Doe exposed his testicles to Plaintiff similarly does not state a claim because it does not meet the "unnecessary and wanton infliction of pain" standard. *Whitley*, 475 U.S. at 319; *accord Austin*, 367 F.3d at 1172 (corrections officer exposing his penis to inmate for 30-40 seconds was not sufficiently serious to constitute a constitutional violation because correction officer never physically touched inmate); *Joseph v. United States Fed. Bureau of Prisons*, No. 00-1208, 2000 WL 1532783, at *1 (10th Cir. Oct. 16, 2000) (corrections officer exposing her breasts to inmate was not "objectively, sufficiently serious to demonstrate a use of force of a constitutional magnitude") (internal punctuation omitted).

### IV. Claims Against Supervisors

Plaintiff's claims against Defendants Magnusson and Burnheimer are based on Plaintiff's contention that these defendants "failed to hire adequate" corrections officers. Plaintiff makes no allegation that Defendants Magnusson and Burnheimer were participants in the alleged constitutional violations.

Supervisory liability under section 1983 "cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." *Seekamp v. Michaud,* 109 F.3d 802, 808 (1st Cir.1997) (citations and internal punctuation omitted). "There is supervisory liability only if (1) there is subordinate liability, and (2) the supervisor's action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." *Aponte Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir.

1998). The affirmative link must constitute "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 902 (1st Cir.1988)).

Because the Court finds no subordinate liability, and because Plaintiff has made no allegations affirmatively linking any supervisory action to his alleged constitutional violations, Plaintiff's Complaint does not state a claim against Defendants Magnusson and Burnheimer.

### V. Conclusion

For the reasons set forth above, it is **ORDERED** that Defendants' Motion to Dismiss be, and it is hereby, **GRANTED** and Plaintiff's Complaint be, and it is hereby **DISMISSED**.

/s/ Gene Carter
**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 24th day of June, 2005.